UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Joseph Hodson,                                             Civ. No. 19-2169 (PAM/ECW)

                Petitioner,

v.                                                                                          **ORDER**

United States of America,

                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Elizabeth Cowan Wright dated February 1, 2021. (Docket No. 29.) The R&R recommends dismissal of this matter without prejudice for lack of jurisdiction.

The full background is set forth in the R&R and the Court need not revisit it here. At issue is Ground Four of Hodson's § 2241 Petition, in which Hodson raises an ineffective-assistance-of-counsel claim seeking to withdraw his plea of not guilty by reason of insanity and vacate the verdict of the same. (Docket No. 1 at 5-6.) The R&R found that although Hodson contends that he is not collaterally attacking his previous insanity defense, the relief he seeks would have that effect, and thus the Court lacks jurisdiction to hear it. (R&R at 11.)

Hodson filed a Reply with objections to the R&R.  (Docket No. 30.)  According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

Hodson objects to the R&R's finding that relief under § 2241 is inappropriate, particularly because he has no alternative means of raising his ineffective-assistance-of-counsel claim.  Hodson contends that the Court should reach the merits of his claim because it does not encroach upon the "essential holding" in Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004), that a claim challenging the sufficiency of the evidence may not be brought in a § 2241 petition. (Pet.'s Reply Mem. at 6.)  But Hodson provides no authority supporting his conclusion that vacating his sentence and withdrawing his plea is not effectively an impermissible collateral attack.  Indeed, he cites no case interpreting Archuleta's reasoning that a petitioner "may not collaterally attack his decision to assert a successful insanity defense" differently than Judge Wright did in the R&R.  Archuleta, 365 F.3d at 648.  Moreover, even if Hodson's claim was not barred under § 2241, he is not entitled to habeas relief because he "is in custody by reason of commitment orders entered under 18 U.S.C. § 4243(e) and (g)."  Id.

After conducting the required reviews, the Court **ADOPTS** the R&R.  (Docket No. 29.)

Accordingly, **IT IS HEREBY ORDERED that**:

1. Ground Four of Petitioner's Second Amended Motion to Withdraw Plea, for Relief from Order, and Petition for Writ of Habeas Corpus is **DENIED without prejudice** for lack of jurisdiction; and

2. The Petition (Docket No. 1) is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Tuesday, February 23, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge